UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**FRANCISO M. GARCIA,**

                Plaintiffs,

vs.

**HUNAN WYOMING, INC.**, d/b/a
**HUNAN CHINESE RESTAURANT,**
And **PHUNG HUYNH,** an individual

                Defendants.

**Hon.**

**Case No.**

/

**AVANTI LAW GROUP, PLLC**
By: Robert Anthony Alvarez (P66954)
Kristin Sage (P88173)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

/

**PLAINTIFF'S ORIGINAL COMPLAINT**

**INTRODUCTION**

1. This is a civil action brought by Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Workforce Opportunity Wage Act ("WOWA"), M.C.L.A. § 408.411, et seq.

2. During the period of the parties' employment relationship, Defendants misclassified Plaintiff as an exempt employee and failed to pay overtime at a rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

3. During the period of the parties' employment relationship, Defendants failed to compensate the Plaintiff for all hours worked.

4. Defendants actively misled Plaintiff about his right to receive payment at a rate of time-and-one-half the regular rate of pay for his hours of overtime worked by inducing Plaintiff to believe that he was an not entitled to overtime, even though he was.

5. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, an award of liquidated damages along with an award of attorney's fees and costs to make him whole for damages suffered.

## JURISDICTION & VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. Defendant corporation's employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

8. The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

9. The Court also has jurisdiction over the state law claims pursuant to 28 U.S.C § 1332 as the Court has diversity jurisdiction.

10. Plaintiff is a citizen of a foreign country, Mexico.

11. Plaintiff is asking for a sum in excess of $75,000 exclusive of fees and costs.

12. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and had its principal place of business located in Wyoming, Michigan, within the United States Judicial District of the Western District of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

14. Plaintiff is an individual who at all times relevant to this complaint resided in the County of Kent, state of Michigan.

15. Plaintiff has worked for Defendants as an hourly employee since 1997.

16. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

17. Defendant Hunan Wyoming (hereinafter referred to as "Hunan") is a domestic profit corporation which operates in Kent County Michigan, whose registered address in 2500 Palm Dale Dr. SW, Grandville, Michigan and whose registered agent is Phung Huynh.

18. Defendant Phung Huynh, (hereinafter referred to as "Huynh") is an individual who is a resident of the County of Kent, state of Michigan and who is the owner and resident agent of Hunan Wyoming..

19. Defendant Huynh was responsible for the day to day operation of the business and was directly involved in the decisions regarding the work, scheduling and compensation of Plaintiff.

20. Defendant Hunan Wyoming is an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA.

21. Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

22. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

23. Defendants underpaid Plaintiff for both overtime and straight time worked.

## **GENERAL ALLEGATIONS**

24. In 1997, Defendants offered Plaintiff employment and Plaintiff accepted.

25. Plaintiff originally started working at Hunan Grand Rapids from April 1997- November 1997.

26. Plaintiff's primary place of employment since 1997 has always been Hunan Wyoming, although he did work at Hunan Grand Rapids, owned by Defendant Huynh's brother, and Blue Ginger Kitchen, which is owned by Defendant Huynh.

27. Plaintiff worked at the Blue Ginger Kitchen for the majority of 2007 and part of 2008.

28. Plaintiff worked as a cook for Defendants and assisted in preparing food to be served at Defendant Business. .

29. Plaintiff was paid bi-monthly.

30. When Plaintiff began working for Defendants, he was paid $1300 each month.

31. When Plaintiff began working with Defendants, he was paid in cash.

32. When Plaintiff began working with Defendants, he was paid a flat weekly amount, regardless of the number of hours worked.

33. When Plaintiff began working for Defendants, he worked the following days and times

    a. Monday through Thursday 10:00am-10:00pm

    b. Friday 10:00am - 11:00pm

    c. Saturday 10:30am-11:00pm

34. Plaintiff was required to come in on his day off about once a month when he worked for the Hunan on Leonard.

35. From November 1997 - December 1998, Plaintiffs worked almost every Sunday.

36. There were also various other times that Defendant was required to come in and work on Sunday.

37. When Plaintiff was called in to work on his day off, he would work 10:30 until 9:00pm and was only paid an additional $35.00.

38. Plaintiff worked this schedule until October of 2001.

39. From October 2001 until January 2017, Plaintiff worked the following schedule:

    a. Monday, Wednesday, Thursday: 10:00am - 10:00pm

    b. Friday: 10:00am until 11:00pm

    c. Saturday: 10:30am until 11:00pm

    d. Sunday 10:30am - 9:00pm.

40. Plaintiff has received periodic raises but is unaware of when such raises were given.

41. At some point, Defendants began paying Plaintiff partly in cash, and partly with a check.

42. Plaintiff worked an average of 73 hours in a single workweek.

43. In October 2016, Defendants started paying Plaintiff completely by check, instead of check and cash.

44. At some point in time, Plaintiff started to punch a time clock.

45. Plaintiffs hours were decreased to 63 hours a week, but his overall weekly compensation did not change.

46. From January 2017 until February 2017, Plaintiff worked the following schedule:

    a. Monday, Wednesday, Thursday: 9:00am until 7:00pm

    b. Friday, Saturday: 10:30am until 8:00pm

      c. Sunday: 10:30 am until 9:00pm.

47. From March 2017 until current, Plaintiff has worked the following schedule

      a. Monday, Wednesday, Thursday: 9:00am-9:00pm

      b. Friday: 10:00am-9:00pm

      c. Saturday: 3:00pm-9:00pm

48. Plaintiff currently works 53 hours in a single workweek.

49. Plaintiff is currently paid $2076.00 twice a month.

50. Plaintiff has never been paid overtime, regardless of the number of hours he worked.

51. Plaintiff is still currently working for Defendants.

52. During his employment, Plaintiff worked for all Defendants.

53. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for time worked over forty (40) hours per week as required by the FLSA and WOWA.

54. Defendants did not compensate Plaintiff for all the hours he worked at statutorily mandated minimum wage.

55. Defendants misclassified Plaintiff as exempt from the FLSA as an exempt employee.

56. Defendants were previously sued in 2007 for failure to pay overtime.

## **WILLFUL VIOLATION OF FLSA**

57. Defendant Hunan Wyoming was previously sued for similar violations of the FLSA.

58. Defendant Hunan Wyoming is changing the way it pays Plaintiff in an effort to decrease any overtime and FLSA claims.

59. Defendant Hunan Wyoming was previously sued in 2007 in Kent County Circuit Court, Case No. 07-02784-CZ.

60. The claims brought in the 2007 case were for unpaid minimum wage and unpaid overtime, breach of contract and unjust enrichment.

61. Defendants knew that there had previously been issues with how they were paying employees.

62. Defendants utilized their business to subvert their obligations under state and federal law.

63. Defendants knew or should have known that Plaintiff was entitled to be compensated, at the appropriate rate, for all time worked.

64. Defendants knew or should have known that Plaintiff was entitled to overtime compensation due to the previous lawsuit against Defendant Huynh.

65. Plaintiff was misled as to his right to receive compensation at the correct rate for all hours worked due to the following:

    a. Defendants had previously been sued for failing to pay overtime and minimum wage in 2007 and therefore should have known about their failing;

    b. Defendants knowing Plaintiff was working overtime hours, and not addressing his compensation;

66. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY OVERTIME

67. Plaintiff hereby incorporates and realleges all the paragraphs above.

68. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

69. Plaintiff was an "employee[s]" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

70. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

71. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

72. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

73. Defendants violated the FLSA by failing to pay the Plaintiff the federally mandated minimum wage for all hours worked as well as failing to pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per workweek.

74. Defendants' violations of the FLSA were knowing and willful.

75. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY MINIMUM WAGE

76. Plaintiff hereby incorporates and realleges all the paragraphs above.

77. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

78. Plaintiff was an "employee" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

79. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

80. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

81. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

82. Defendants violated the FLSA by failing to pay Plaintiff the federally mandated minimum wage for all hours worked.

83. Defendants violated the FLSA by instructing Plaintiff that he was required to arrive 15 minutes prior to his shift.

84. Defendants violated the FLSA by refusing to pay Plaintiff the statutorily mandated minimum wage.

85. Defendants' violations of the FLSA were knowing and willful.

86. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT III
## VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT

87. Plaintiff hereby incorporates and realleges all the paragraphs above.

88. The Michigan's Workforce Opportunity Wage Act, makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, et seq.

89. Defendants were an "employer" as defined under the WOWA at all relevant times.

90. Plaintiff was an "employee[s]" as defined under the WOWA at all relevant times.

91. Defendants regularly suffered or permitted Plaintiff to work more than forty (40) hours per workweek.

92. Defendants did not pay Plaintiff one-and-a-half times his regular hourly rate for the hours worked in excess of forty hours in a workweek as mandated by Michigan law pursuant to M.C.L. § 408.414a.

93. Defendants did not pay Plaintiff the minimum wage for all hours worked by Plaintiff as mandated by WOWA.

94. The WOWA, provides that as a remedy for a violation of the Act, an employee is entitled to overtime compensation and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees."

95. Plaintiff is therefore entitled to his unpaid overtime wages as well as an equal amount as liquidated damages.

96. Plaintiff is also entitled to costs and reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

D. An Order declaring Defendants violated the WOWA;

F. An Order granting judgment in favor of Plaintiff and against Defendants, jointly and severally, and awarding Plaintiff the full amount of damages and liquidated damages available to them under the FLSA;

H. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the FLSA as provided by statute;

I. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the Michigan WOWA as provided by statute;

L. An Order awarding pre- and post-judgment interest to Plaintiffs on these damages; and

M. An Order awarding such other and further relief as this Court deems appropriate.


Dated: January 5, 2018                     Respectfully Submitted,

                                           /s/ Robert Anthony Alvarez
                                           Robert Anthony Alvarez (P66954)
                                           Attorney for Plaintiffs
                                           Avanti Law Group. PLLC
                                           600 28th Street SW
                                           Wyoming, MI 49509
                                           (616) 257-6807
                                           ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 12-12-17      *Francisco Garcia*
                    Francisco Garcia